ROYER *v.* COUPE *et al.*

(*Circuit Court, D. Massachusetts.* March 12, 1889.)

PATENTS FOR INVENTIONS—EXTENT OF CLAIM—PROCESS FOR TREATING HIDES.

The claim in letters patent No. 149,954, April 21, 1874, issued to Herman Royer is "the treatment of the prepared raw hide in the manner and for the purposes set forth." The method of treatment described was (1) the removal of the hair from the hide by means of sweating; (2) drying the hide perfectly hard; (3) inserting it in water for 10 or 15 minutes; (4) fulling or softening it by mechanical means; (5) spreading on it a certain warm liquid mixture; (6) fulling in the mixture in a suitable machine; (7) moistening the hide 4 or 5 times during the day; (8) stretching it, and cutting it into suitable pieces. The specification states that the patentee avoids the use of lime, acid, or alkali, and that it is necessary to use a preparation substantially such as that described to render the raw hide fit for use and durable, and contains the words "after the removal of the hair from the hide by means of sweating,—a process familiar to every tanner," etc. It was first sought to limit the claim to a method of preparing raw hides for belting by the fulling and bending operation and the preserving mixture, but the claim was refused by the patent-office, both of those things being old. *Held*, that the claim covers the whole treatment, and is not infringed where the first step of the process is omitted.

In Equity.

Bill by Herman Royer against William Coupe and others for the infringement of a patent.

*M. A. Wheaton* and *Livermore & Fish*, for complainant.

*B. F. Thurston, W. H. Thurston,* and *Manuel Eyre,* for defendants.

COLT, J. This suit is for the alleged infringement of letters patent No. 149,954, dated April 21, 1874, granted to Herman Royer, the complainant, for an improvement in the treatment of raw hide for belting. The patent is for a process consisting of a series of steps which are set forth in the specification. The language of the claim is as follows: "The treatment of the prepared raw hide in the manner and for the purposes set forth." The method or treatment described in the specification consists of a series of eight successive steps: (1) The removal of the hair from the hide by means of sweating; (2) drying the hide perfectly hard; (3) inserting the hard, dried hide in water for 10 or 15 minutes; (4) fulling or softening the hide by mechanical means; (5) spreading upon the hide in a warm, liquid state a mixture composed of 20 parts tallow, 2 parts wood tar, and 1 part resin; (6) fulling or stuffing this mixture into the hide in a suitable machine; (7) moistening the hide with water 4 or 5 times during the day; (8) stretching the hide, and cutting into pieces suitable for belting. In the construction of this patent, the question meets us at the outset whether the claim was intended to cover all or only a part of the successive steps which compose the Royer treatment, as described in his specification. The ambiguity arises from the wording of the claim. The language is: "The treatment of the prepared raw hide in the manner and for the purposes set forth." Does this mean the method of preparing raw hide in the manner set forth, or do the words "prepared raw hide" signify a hide which has been subjected to one or

more of the steps which make up the Royer process, and as a result limit the claim to the subsequent-steps of the process? This is an important inquiry, because if the claim covers all the steps of the Royer method, then it is manifest that the defendants do not infringe, because they do not use the first step of that process. They do not remove the hair by means of sweating, but they make use of the liming process for such purpose, which Royer states in his specification is to be avoided in his method. From a careful reading of the whole patent, and in view of what took place in the patent-office, I have reached the conclusion that the claim covers, and was intended to cover, the whole treatment described by Royer, and not a part of that treatment; that the claim means the same as if it read, "the method of preparing raw hide in the manner set forth." This is the only consistent construction which can be given to the claim. Prepared raw hide means the finished product, and not the hide subjected to one or more steps of the process described. Such appears to be the sense in which the patentee uses the word in his specification. He says:

"In order to more fully understand my mode of preparing hides, I avoid the use of lime, acid, or alkali, for just to the amount a hide is impregnated with such substances it suffers in its tensile strength and toughness. I am aware that hides and skins have been prepared by a fulling or bending operation to render them pliable, but this mode alone does not answer for the preparation of machine belts and lacing. It is necessary to make use of a preparation substantially such as before described, to render the raw hide fit for use and durable."

The plaintiff lays stress upon the following words in the specification: "After the removal of the hair from the hide by means of sweating,—a process familiar to every tanner,—the hide is dried perfectly hard,"—as indicating that the phrase "prepared raw hide" contained in the claim signifies a hide after it has been submitted to the sweating process. This is an ingenious and strained interpretation, and is not consistent with the evident meaning of the word "prepared" as used generally in the specification.

Further, the file-wrapper in the patent-office throws light upon the real scope of the Royer patent. Royer sought to limit his claim to a method of preparing raw hides for belting by the fulling and bending operation and the preserving mixture, but this claim was rejected by the patent-office, and he acquiesced in the decision. The patent-office intimated, however, that a claim for the treatment of raw hides in the mode described in his patent might be allowed, and Royer accordingly amended his specification and claim in conformity with this suggestion, and the patent was consequently granted. In view of the prior state of the art, Royer was not entitled to a broad claim for a process which should embrace only the fulling and bending operation and the preserving mixture, composed of tallow, tar, and resin, for both of these things, as applied to converting hides into leather, were old. It follows that the only subject-matter of invention which Royer could properly claim was the whole process described in his patent comprising the different steps therein set forth. The most that can be said of the Royer patent is that it was for an im-

proved process. And in this view it must be shown that the defendants use all the different steps of that process; otherwise there can be no infringement. The defendants do not use the sweating process, which is the first step in the Royer treatment, and therefore they do not infringe. This patent has been construed by Judge DRUMMOND, in the case of *Royer* v. *Manufacturing Co.,* 20 Fed. Rep. 853, and I agree with the conclusion he reached, namely, that—

"If this is a valid patent for a process, it must be limited to the precise, or, certainly, substantial, description which has been given in the specifications; and, in order to constitute an infringement of that process, a person must be shown to have followed subtantially the same process, the same mode of reaching the result, as is described in the specifications."

This case has been ably presented on both sides. If the contention of the counsel for the plaintiff was correct, that Royer had invented an entirely new process, which had revolutionized the art of preparing raw hide for belting and other purposes, it might be that the court should give that broad construction to this patent which is justified in the case of a foundation patent; but when we find, as in this case, that the substantial steps in the process are all old, the utmost that Royer is entitled to is protection against those who use in substance his precise process. Bill dismissed.